RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08 , 18 , 05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIE D. WASHINGTON | CIVIL ACTION NO. 05-0866-M |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Willie D. Washington on May 20, 2005. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a forty year sentence imposed following his 1996 conviction for attempted aggravated rape in Louisiana's Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum of law and exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following:

1. On or about January 23, 1995, petitioner was indicted by the Ouachita Parish Grand Jury and charged with two counts of aggravated rape. [Doc. 1, Exhibits, p. 1, Indictment[1]]

---

[1] The petitioner did not identify the various exhibits submitted with his petition. The undersigned has therefore sequentially numbered these exhibits for identification purposes.

2. On March 14, 1996 petitioner pled guilty to one count of attempted aggravated rape. [Doc. 1, Exhibits, p. 4, Minutes of Court; see also Transcript, pp. 7-25]

3. On May 1, 1996, petitioner was sentenced to serve forty years at hard labor. [Doc. 1, Exhibits, p. 6 (Minutes) and p. 2 (Judgment)] The sentence was originally silent as to petitioner's eligibility for parole, but the court subsequently amended the sentence to provide that it be served without benefit of parole. [See Doc. 1, Exhibits, pp. 27-30]

4. On July 3, 1996, the court determined that petitioner was indeed eligible for parole and amended the sentence accordingly. [Doc. 1, Exhibits, pp. 26-32]

5. In due course, petitioner appealed. On January 22, 1997 his conviction and sentence were affirmed by the Second Circuit Court of Appeals in an unpublished opinion. *State of Louisiana v. Willie Delone Washington*, 9629238 (La. App. 2d Cir. 1/22/97), 690 So.2d 1128 (unpublished). Petitioner did not seek further direct review in the Louisiana Supreme Court.[2]

6. On some unspecified date petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court. Relief was apparently denied and petitioner sought further review in the Louisiana Second Circuit Court of Appeal. Relief was apparently denied and petitioner sought Supervisory and/or Remedial Writs in Louisiana's Supreme Court. Relying on the two year time limitation set forth in La. C.Cr.P. art. 930.8 as interpreted by the court in *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, the Louisiana Supreme Court denied petitioner's writ application on May 13, 2005. See *State of Louisiana ex rel. Willie D.*

---

[2] A review of the presumptively reliable published jurisprudence of Louisiana's Supreme Court reveals only one judgment or order relative to petitioner. See *State of Louisiana ex rel. Willie D. Washington v. State of Louisiana*, 2004-2069 (La. 5/13/2005), 902 So.2d 1015. The cited case is the denial of writs from the Second Circuit case docketed as 39117-KH and does not relate to the direct appeal which was docketed as 9629238-KA.

*Washington v. State of Louisiana*, 2004-2069 (La. 5/13/2005), 902 So.2d 1015.

7. Petitioner's undated petition for writ of habeas corpus was post-marked on May 18, 2005 and received and filed on May 20.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v.*

---

[3] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Nor does he claim that the factual predicate of his claim was only recently discovered.

*Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. As shown above, petitioner's conviction and sentence were affirmed on direct appeal on January 22, 1997. See *State of Louisiana v. Willie Delone Washington*, 9629238 (La. App. 2d Cir. 1/22/97), 690 So.2d 1128 (unpublished). Petitioner had a period of thirty days within which to seek further direct review in Louisiana's Supreme Court. [See Louisiana Supreme Court Rule X §5(a)] He did not seek further direct review, therefore, petitioner's judgment of conviction and sentence became final for AEDPA purposes on February 22, 1997, when the thirty day period for filing his writ application in the Louisiana Supreme Court expired. In other words, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days after the judgment of the court of appeals.[4] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Since petitioner's judgment of conviction became final after the effective date of the AEDPA, he had one year from February 22, 1997, or, until February 22, 1998 to file his federal

---

[4] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

See also *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000): "Rule X, §5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit."

*habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because by the time he filed the application, it was time-barred under Louisiana law and therefore was not "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)[5]

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[5] Petitioner has not provided a copy of the post-conviction pleadings he filed in the Louisiana courts; nor has he alleged the date upon which he claims to have filed the pleadings. However, the Louisiana Supreme Court ruling denying his claim on the grounds of prescription establishes that the pleadings were filed more than two years after petitioner's judgment of conviction and sentence became final in January, 1997.

days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _August_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE